Filed 2/17/16  Thomas Dee Engineering Co. v. Khtikian CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THOMAS DEE ENGINEERING COMPANY, INC., <br><br>     Plaintiff, Cross-Defendant, and Appellant, <br><br> v. <br><br> WARREN KENT KHTIKIAN <br><br>     Defendant, Cross-Plaintiff, and Respondent. | A146590 <br><br> (Marin County <br> Super. Ct. No. CV-1404231) <br><br> **ORDER MODIFYING OPINION AND DENYING REHEARING NO CHANGE IN JUDGMENT** |

THE COURT:

It is order that the opinion filed herein on January 29, 2016, be modified as follows:

On page 4, in the first full paragraph, remove "case management" from the last sentence (before parenthesis) to read:

As respondent points out, "the minute order here is a standard interlocutory . . . order essentially directing the parties to meet and confer" before returning to the trial court for issuance of a final judgment.

There is no change in the judgment.

The petition for rehearing is denied.


Dated: _____            _____

                                                     Kline, P.J.

1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THOMAS DEE ENGINEERING COMPANY, INC., <br><br> Plaintiff, Cross-Defendant, and Appellant, <br><br> v. <br><br> WARREN KENT KHTIKIAN <br><br> Defendant, Cross-Plaintiff, and Respondent. | A146590 <br><br> (Marin County Super. Ct. No. CV-1404231) |

Respondent Warren Kent Khtikian has filed a motion to dismiss the appeal of appellant Thomas Dee Engineering Company, Inc. in this case arising out of a dispute over attorney fees appellant allegedly owed respondent for his legal representation. Respondent contends appellant has appealed from a non-appealable minute order. We agree, and shall grant the motion to dismiss.

**BACKGROUND**

On November 7, 2014, appellant filed a complaint against respondent, alleging various causes of action related to respondent's right to attorney fees during and after respondent's representation of appellant. On December 2, 2014, respondent filed a cross-complaint against appellant, alleging that appellant had breached the fee agreement and was also liable on several other causes of action.

Following a mediation with retired Alameda County Superior Court Judge Bonnie Sabraw, on February 16, 2015, the parties signed a stipulation for settlement, in which

1

appellant agreed to pay respondent $1.5 million. The stipulation for settlement further required the parties to thereafter execute both a mutual release document and a stipulation requesting the trial court to retain jurisdiction to enforce the agreement. When appellant subsequently refused to comply with the terms of the settlement, informing respondent's counsel "that the express conditions of the settlement had not been met," respondent filed a motion for entry of judgment, pursuant to Code of Civil Procedure section 664.6.[1]

On October 6, 2014, at the conclusion of a hearing on respondent's motion, the trial court granted the motion, finding that "no terms remain in dispute. The parties agreed to execute 'full and complete releases' and even agreed on the language of the releases through counsel. The parties also agreed to submit a stipulation and order to the court requesting the court retain jurisdiction. Accordingly, neither the conditional nature of the settlement nor the unfulfilled terms provide a barrier to entry of judgment. The settlement agreement only remains conditional because [appellant] refuses to do the ministerial acts required by the express settlement language." In its minute order, the court ordered the parties to "execute the release contemplated by the settlement agreement" and "to execute a request for the court to retain jurisdiction for purposes of enforcing the settlement agreement. [¶] . . . . [Appellant] may offer alternative language to that proposed by [respondent]. However, if the parties cannot agree on language by October 13, 2015, they shall mediate with Judge Sabraw as provided in the settlement agreement. If the parties still cannot reach agreement, they may submit competing language to the court no later than November 3, 2015, and the court shall decide the language that shall govern and order execution of the documents based on that language."

---

[1] All further statutory references are to the Code of Civil Procedure.

Section 664.6 provides: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."

On October 16, 2015, appellant filed a notice of appeal "from the Minute Order dated October 6, 2015."[2] On November 17, 2015, after a hearing, the trial court found that all proceedings, including the contemplated entry of judgment, were stayed by this appeal.

## DISCUSSION

Respondent contends the present appeal must be dismissed because appellant has appealed from a non-appealable interlocutory order. Appellant counters that the order was appealable either as a collateral order or an injunction.

Normally, only final judgments are appealable. (§ 904.1, subd. (a)(1).) Certain interlocutory orders are also appealable. These include the grant of an injunction (§ 904.1, subd. (a)(6)) and certain collateral orders. (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1084 (*Smith*) [" '[o]ne exception to the "one final judgment" rule codified in . . . section 904.1 is the so-called collateral order doctrine' "].)

We agree with respondent that the minute order in this case is an interlocutory order that is not presently appealable, and that appellant's legal arguments and citations to authority are inapplicable to the present circumstances. First, the order is not appealable as a collateral order. " 'In determining whether an order is collateral, "the test is whether an order is 'important and essential to the correct determination of the main issue.' If the order is 'a necessary step to that end,' it is not collateral. [Citations.]" [Citations.]' " (*Smith*, *supra*, 208 Cal.App.4th at p. 1084.) Here, the minute order is not effectively a final judgment on a collateral issue. Rather, it is a necessary step toward resolution of the main issue. That is, because the minute order merely required the parties to take the next step agreed to in their stipulation and settlement as part of the process leading to entry of judgment, it is clearly not collateral. (See *Ibid.*)

---

[2] The issue on appeal, according to appellant, involves "deciding the scope, if any, of a trial court's section 664.6 injunctive powers to force parties to complete the process of forming an enforceable settlement agreement."

3

Second, the order in question is not an order granting an injunction. The trial court's minute order simply requires the parties either to agree to or engage in mediation to determine the precise language of the mutual release and retained jurisdiction provisions to which they have already agreed, or, if they cannot reach an agreement, to have the trial court decide the language. As respondent points out, "the minute order here is a standard interlocutory case management order essentially directing the parties to meet and confer" before returning to the trial court for issuance of a final judgment. (Cf. *Smith*, *supra*, 208 Cal.App.4th at p. 1091 [" 'where a formal order is required, a minute order is not appealable' "].)

Finally, we observe that to countenance appellant's legal theories, which have no support in the case law, would invite marginal or frivolous appeals simply for the purpose of delaying a final judgment and payment of damages or postjudgment interest. Here, for example, appellant will have the opportunity to appeal from the final judgment. However, if it wishes to obtain a stay of enforcement of the judgment pending resolution of that appeal, it will be required to satisfy certain statutory requirements before it can do so. (See § 917.1, subd. (a)(1) [requiring payment of appellate bond]; cf. § 685.010 [requiring payment of accrued postjudgment interest if judgment is affirmed on appeal].)

For all of these reasons, we shall grant respondent's motion to dismiss appellant's premature appeal.

## DISPOSITION

The appeal is dismissed. Costs on appeal are awarded to respondent.

4

_____
Kline, P.J.

We concur:


_____
Richman, J.


_____
Miller, J.